UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO DE LA ROSA TORRES (A-222-557-403),<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, WARDEN, et al.,<br>Respondents. | No. 1:26-cv-4884 TLN CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Arturo De La Rosa Torres (A-222-557-403), a native of Mexico who is proceeding through counsel, filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] This habeas action concerns petitioner's detention by immigration authorities. For the reasons that follow, the Court recommends granting the amended petition for a writ of habeas corpus and ordering petitioner to be provided a bond hearing.

## I. BACKGROUND

On or about May 27, 2026, petitioner was detained by immigration authorities. (ECF No. 6 at 7.) Petitioner has not been provided with a hearing before a neutral decisionmaker to assess danger or flight risk. (Id. at 2.) Respondents do not contest petitioner's factual allegations. (See

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

ECF No. 11.)

On June 25, 2026, petitioner filed a petition for writ of habeas corpus. (ECF No. 1.) On June 25, 2026, petitioner filed an amended petition. (ECF No. 6.) On July 2, 2026, the Court severed the claims of petitioner's brother, Alejandro Jailinn De La Rosa Torres, from this action, and struck his name from the amended petition. (ECF No. 8.) On August 6, 2026, respondents filed a timely response to the amended habeas petition. (ECF No. 11.) Briefing is complete.

## II. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Petitioner raises three claims in the amended petition. (ECF No. 6 at 20-23.) The Court first addresses petitioner's statutory claim (claim one). Respondents do not argue that petitioner is a flight risk or a danger to the community, and instead argue that petitioner's detention was governed by 8 U.S.C. § 1225(b)(2). (ECF No. 11 at 1.) Respondents further do not contend that petitioner has a criminal history. (See id.)

///

Respondents concede that petitioner is entitled to request a custody redetermination hearing before an immigration judge. (Id. (citing Rodriguez Vazquez v. Bostock, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026).) The Court interprets respondents' concession to refer to the large volume of cases in which this district court has repeatedly rejected respondents' new interpretation[2] of Sections 1225 and 1226, finding that the detention or re-detention of a noncitizen without a pre-deprivation bond hearing violates the Immigration and Nationality Act ("INA") and/or violates due process.

After the Court issued its briefing order, the Ninth Circuit decided this issue in Rodriguez Vazquez, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026). In Rodriguez Vazquez, the Ninth Circuit rejected respondents' argument, concluding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Id. at *3. The majority of courts nationwide agree, rejecting respondents' new interpretation of Sections 1225 and 1226. See, e.g., Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026); Lopez-Campos v. Raycraft, et al., 175 F.4th 713, 735 (6th Cir. 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1285 (11th Cir. 2026); Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025); J.Y.L.C. v. Bostock, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (collecting cases rejecting the government's assertion that § 1225 empowers DHS to arrest and hold a noncitizen present without legal status who has spent years in the U.S.); Cardona-Lozano v Noem, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) ("Repeatedly, [district courts across the country] have found that DHS and the [Board of Immigration Appeals'] construction of the [Immigration and Nationality Act] is incorrect and that petitioners who have long resided in the United States but are being held under § 1225 are entitled to relief.") (collecting cases)); Faizyan v. Casey, 2025 WL 3208844, at *5 (S.D. Cal. Nov. 17, 2025) (holding that § 1226 applies to a petitioner who "DHS has consistently treated" as subject to discretionary detention and "who has been residing

[2] Until DHS changed its policy in July 2025, the Government consistently applied Section 1226(a), not Section 1225(b)(2), to noncitizens residing in the United States who were detained by immigration authorities and subject to removal. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022).

in the United States for two years" (internal quotation marks and citation omitted)); Josue I.C.A. v. Lyons, 2025 WL 3496432, at 3 n.6 (E.D. Cal. Dec. 5, 2025) (collecting cases); Morales-Flores v. Lyons, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (collecting cases) ("Courts nationwide, including this one, have overwhelmingly rejected respondents' arguments and found DHS's new policy unlawful."); Guerro Lepe v. Andrews, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).

Therefore, pursuant to Rodriguez Vazquez and based on respondents' concession, the Court recommends granting the amended petition on the statutory claim (claim one) and ordering petitioner to be provided a bond hearing.

## IV. PETITIONER'S REMAINING CLAIMS

In his amended petition, petitioner also raised due process claims (claims two and three). (ECF No. 6 at 21-23.) Because the Court recommends granting the amended petition on the statutory claim (claim one), the Court need not address any additional claims (claims two and three) raised in the amended petition. See N.K. v. Noem, No. 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release"). Petitioner is entitled to the habeas relief he seeks based on the court's ruling as to his statutory claim (claim one).

## V. CONCLUSION

In summary, the Court recommends that the amended petition for writ of habeas corpus be granted on the statutory claim (claim one).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The amended petition for writ of habeas corpus (ECF No. 1) be GRANTED on the statutory claim (claim one).

///

2. Respondents be ordered to provide petitioner Arturo De La Rosa Torres (A-222-557-403) a bond hearing within **fourteen** days of the adoption of these findings and recommendations where petitioner has the burden to demonstrate that he is not a flight risk or danger to the community. If petitioner is granted release on bond, respondents shall return all of petitioner's documents and possessions to petitioner at the time of release.
3. If respondents fail to provide petitioner a bond hearing within **fourteen days**, petitioner shall be immediately released from respondents' custody. Respondents shall return all of petitioner's documents and possessions to petitioner at the time of release.
4. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 14, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/dela4884.157.2241.imm.BOND